UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO PARDO, MD, and RICARDO JOAQUIN,<br><br>                              Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA CUSTOMS AND BORDER PATROL,<br><br>                              Defendant. | Case No.:  23-cv-649-W-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS [Doc. 4]** |

On April 10, 2023, Plaintiffs Francisco Pardo, MD and Ricardo Joaquin, represented by counsel, filed a Complaint, alleging that agents of the U.S. Customs and Border Protection ("CBP") humiliated and victimized them when CBP wrongfully seized Plaintiffs' car, refused to return it, and later sold the car.  (Complaint for a Civil Case [Doc. 1] ("*Compl.*") at 3–4.) [1]  Before the Court is Defendant's (the "Government's")

---

[1]     The Complaint names the Defendant as "United States of America" in the caption and as "United St[a]tes of America, Customs and Border Patrol" in paragraph B, regarding parties to the action. (*Compl.* at 1, 2.)  The federal agency charged with border security and with seizure of cars at U.S. Ports of Entry in this case is the U.S. Customs and Border Protection.  *See* 19 U.S.C. § 1433; *see also* Declaration of Erik Gantz [Doc.4-1] at ¶¶ 1–7.  The Government makes no objection to the identification of Defendant in the Complaint.

motion to dismiss the complaint for lack of subject matter jurisdiction or for failure to state a claim.  [Doc. 4.]  Plaintiffs opposed the motion, and the Government replied.  The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the reasons stated below, the Court **GRANTS** the motion to dismiss. [Doc. 4.]

## I.   BACKGROUND

According to the Complaint, Plaintiffs are a married couple who are a medical doctor and a trained medical assistant.  (*Compl.* at 4.)  Plaintiffs travelled to Mexico to visit their child at a medical facility.  (*Id.*)  When they returned to the United States at the San Ysidro Port of Entry, Plaintiffs' car and the medical supplies within it were wrongfully seized and ultimately sold.  (*Id.* at 3–4.)  Plaintiffs were "humiliated and victimized."  (*Id.* at 4.)  They allege damages exceeding "$75,000 for pain, suffering and humiliation and loss of property."  (*Id.* at 5.)  The Complaint does not request the return of the seized car.  Plaintiffs allege that their claims arise under federal question and diversity jurisdiction.  (*Id.*)  The Complaint makes no reference to any attempt to exhaust administrative remedies.  (*See Compl.*)  The Complaint also fails to identify any legal basis for Plaintiffs' cause of action or for the relief requested.  (*See Compl.*)

In support of its motion to dismiss, the Government submits the sworn declaration of Erik Gantzel, an attorney for CBP in San Diego, California.  (Declaration of Erik Gantzel [Doc. 4-1] ("*Decl.*") at ¶ 1.)[2]  Mr. Gantzel described the administrative records regarding CBP's seizure and forfeiture of Plaintiffs' car.  (*See id.*)  On December 23, 2020, CBP seized the car driven by Mr. Joaquin because Mr. Joaquin violated the

---

[2]   The Court sets forth and considers background facts from the administrative history preceding the filing of Plaintiffs' Complaint because the Government challenges the Court's jurisdiction based on failure to exhaust administrative remedies.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (courts "may review evidence beyond the complaint" when "resolving a factual attack on jurisdiction.").

SENTRI lane limitations.  *See* 19 U.S.C. § 1436(b);[3] *see also* 19 U.S.C. § 1433(b). (*Decl.* at ¶¶ 2, 3, 6; Exhibit A [Doc. 4-2] ("*Exh. A*") at 2 (noting "4th Time Sentri Violator").)  That same day, CBP also issued Mr. Joaquin a $5000 civil administrative penalty under 19 U.S.C. § 1436.[4]  (*Decl.* at ¶ 7; *Exh. A*.)  The SENTRI (Secure Electronic Network for Travelers Rapid Inspection) lanes are reserved for enrolled travelers who submit an application, pay a fee, undergo a background investigation, and are determined after interview by CBP to be a low-risk traveler. (*Decl.* at ¶ 4.)  According to Mr. Gantzel and CBP records, Mr. Joaquin was not enrolled in the SENTRI program that day and had violated the SENTRI lane limitations on three prior occasions.  (*Decl.* at ¶¶ 4, 5.)

On December 23, 2020, Mr. Joaquin completed a petition for remission or mitigation of forfeitures pursuant to "19 U.S.C. 1618; CFR 171.1" and later submitted it to CBP.  (Exhibit B [Doc. 4-3] ("*Exh. B*").)  In the petition's section requesting facts and circumstances justifying relief from forfeiture, Mr. Joaquin stated, "Traffic police direction followed to #7 Ready Lane."  (*Id.*)  CBP did not grant relief on this petition. (*Decl.* ¶ 8.)

On January 9, 2021, CBP issued notices of seizure to Plaintiffs and provided them four options in response to the seizure.  (*Id.* at ¶ 9; Exhibit C [Doc. 4-4] ("*Exh. C*").) Those four options included administrative petition, offer-in-compromise, abandonment, and court action.  (*Id.*; *Exh. C* at 2–3 (regarding Mr. Pardo), 9–11 (regarding Mr. Joaquin).)

---

[3]     Section 1436 provides that it is unlawful to fail to comply with 19 U.S.C. § 1433, which is applicable in this case, and provides that the civil penalty for any such first violation is $5,000 and "any conveyance used in connection with any such violation is subject to seizure and forfeiture."  19 U.S.C. §§ 1436(a)(1), (b).

[4]     CBP records do not reflect that any portion of this penalty was paid.  (*Decl.* at ¶ 7.)  Plaintiffs' Complaint is silent regarding the civil administrative penalty.  (*Compl.*)

On or about February 17, 2021, CBP received from Mr. Pardo letters and a petition form apparently signed by Mr. Joaquin. (*Decl.* at ¶ 10; Exhibit D [Doc. 4-5] ("*Exh. D*").) There, Plaintiffs explained that, as they drove into the Port of Entry on December 23, 2020, the only available pathway delivered the car to lanes marked "SENTRI" or "READY." (*Decl.* at ¶ 10; *Exh. D* at 7.) Plaintiffs' submissions also described an alleged practice by third parties of moving the cement barriers leading to the Port of Entry, such that drivers are forced to pay money to those parties to be redirected from the "SENTRI" or "READY" lanes to the correct "All Traffic" lanes. (*Exh. D* at 5–7.) Also, Plaintiffs elected that CBP administratively consider their petition before initiating forfeiture proceedings. (*Exh D* at 7, 8.)

On April 5, 2021, CBP responded to Plaintiffs' petition through their counsel. (Exhibit E [Doc. 4-6] ("*Exh. E*") at 1–4.) CBP concluded that relief was warranted and mitigated the civil administrative penalty from $5000 to $1000, making the reduced balance due and payable. (*Id.* at 2.) CBP also offered to remit forfeiture of the car upon timely payment of the $1000 mitigated penalty, payment of costs, and Plaintiffs' timely return of a signed hold harmless agreement. (*Id.*) Plaintiffs failed to timely respond to CBP's decision letter. (Exhibit I [Doc. 4-10] ("*Exh. I*") at 2.) After not receiving any payment from Plaintiffs on CBP's mitigated penalty offer, CBP published (on May 28, 2021, and June 26, 2021) notices of intent to forfeit Plaintiffs' car and notice of a deadline to file a claim by June 27, 2021. (Exhibit F [Doc. 4-7] ("*Exh. F*").) On June 28, 2021, CBP administratively forfeited Plaintiffs' car, and on August 11, 2021, CBP sold the car at auction. (Exhibit G [Doc. 4-8 ]("*Exh. G*") at 2–3.)

More than a year after CBP's unanswered mitigation offer, CBP received a certified envelope from Mr. Pardo on May 12, 2022. (Exhibit H [Doc. 4-9] ("*Exh. H*") at 5.) The envelope contained an undated letter and an election of remedies requesting the initiation of *judicial* foreclosure proceedings regarding the car that CBP had already sold on August 11, 2021. (*Exh. H* at 2–4; *Exh. G* at 2–3; *Decl.* at ¶ 14.) CBP determined that this request was untimely and did not include a cost bond required by 19 C.F.R. § 162.47.

(*Exh. H*; *Decl.* at ¶ 14.)  On May 23, 2022, CBP wrote Plaintiffs notifying them that their request for judicial forfeiture was untimely and missing the required bond.  (*Exh. I* at 2.)  CBP offered again to mitigate the still-outstanding $5000 civil administrative penalty to $975, an amount equal to the proceeds of the sale of Plaintiffs' car, and to consider the forfeiture and penalty cases closed.  (*Exh. I* at 2.)  CBP did not receive a response to its May 23, 2022 mitigation offer.  (*Decl.* at ¶ 16.)

The Government argues that the Complaint must be dismissed for lack of subject matter jurisdiction for failure to exhaust administrative remedies.  Alternatively and if jurisdiction exists, the Government seeks dismissal for failure to state a claim for relief, whether the claim arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, or the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983.  The Complaint, filed by counsel, states no legal basis for the requested relief.  In their cursory opposition, Plaintiffs provide the only reference to any legal ground for their claim: "Plaintiffs claim that the agents were involved in violations of the 28 U.S.C. section 2680 (c) [sic]." (*Oppo*. at 2.)  Section 2680(c) provides "an exception to the detention of good exception [to the FTCA's waiver of sovereign immunity] for property 'seized for the purpose of forfeiture.'"  *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1125 (9th Cir. 2019) (quoting § 2680(c)(1)).  Beyond an unspecified objection to the motion, Plaintiffs (1) do not object to the Government's legal characterization of their claim as arising under the FTCA or CAFRA, (2) provide no other legal basis for the Court's jurisdiction over the Complaint, and (3) fail to dispute the administrative record as submitted by CBP.  Instead, Plaintiffs assert, for the first time in their opposition, that CBP agents took their car because of Plaintiffs' status as a gay couple and argued that the motion was an attempt at misdirection.  (*Oppo.* [Doc. 7] at 2.)  Plaintiffs fail to support that argument.  (*Id.*)  Their allegation regarding discrimination does not appear in the Complaint.  (*See Compl.*)  Plaintiffs' Opposition also requests leave to amend, to "correct any errors in pleading."  (*Oppo.* at 1.)

//

## II.   ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal based on a lack of subject matter jurisdiction.  When a court lacks subject matter jurisdiction, it lacks the power to proceed, and its only remaining function is to dismiss. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  "A jurisdictional challenge under Rule 12(b)(1) may be made on the face of the pleadings or by presenting extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  With a factual challenge to a complaint, courts do not accept as true all facts in a complaint and may evaluate extrinsic evidence and resolve factual disputes when necessary.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 2987).  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Here, the only extrinsic evidence is attached to the Government's motion.

This Court has original jurisdiction over claims for violations of federal statutory law, 28 U.S.C. § 1331, but Plaintiffs bear the burden to identify an unequivocal expression of Congressional waiver of sovereign immunity allowing their claim against the federal government.  *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) (citing, in relevant part, *United States v. Mitchell*, 445 U.S. 535, 538 (1980) and *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981).  Absent the United States of America's unequivocally expressed consent to suit, an action against it must be dismissed for lack of jurisdiction.  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing *United States v. Mitchell*, 463 U.S. 206 (1983); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982)).

Plaintiffs seek monetary damages from the Government "for pain, suffering and humiliation and loss of property" after the seizing agency "wrongfully . . . refused to

return [the seized property] and sold it."[5]  (*Compl.* at 3, 5.)  The full statement of

Plaintiffs' claim follows:

> Plaintiffs are married couple [sic] who are a Doctor and trained medical
> assistant who had been visiting their child at a medical facility in mexico
> [sic] and they were crossing at the Port of Entry, when they were humiliated
> and victimized while returning to their home in San Diego.  Their vehicle
> was seized along with medical equipment and eventually sold by the
> Customs and Border Patrol.
>
> (*Compl.* at 4.)

The FTCA is the "exclusive means by which a party may sue the United States for

money damages . . . in tort."  28 U.S.C. § 2679.  The "district courts . . . shall have

exclusive jurisdiction of civil actions on claims against the United States, for money

damages [] for injury or loss of property [] caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his office

or employment . . . if a private person, would be liable to the claimant in accordance with

the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  Under

the FTCA, a tort claim against the United States must be presented in writing to the

appropriate federal agency within two years of the claim's accrual.  28 U.S.C. § 2401(b).

To the extent Plaintiffs seek monetary damages under the FTCA, the Complaint fails to

allege exhaustion of administrative remedies.  Moreover, the Opposition does not argue

that Plaintiffs exhausted administrative remedies despite the Government's showing.

Plaintiffs failed to carry their burden to demonstrate the Court's jurisdiction over any

FTCA claim.  Accordingly, the Court lacks jurisdiction over any FTCA claim and must

dismiss.

With respect to Plaintiffs' claim for property damage related to forfeiture, customs

laws, as revised by CAFRA, govern the seizure and forfeiture of property by the federal

government.  *See*, *e.g.*, 19 U.S.C. §§ 1600, 1607, 1610, 1618.  CAFRA permits a claim

---

[5]     Plaintiffs do not seek relief in the form of the return of their car.  (Compl.)  Plaintiffs' Complaint
conceded that the subject seized property was sold.  (*Id.* at 4.)

for damage to property possessed by customs officers when the property was seized for the purpose of forfeiture under any applicable federal law, except where the forfeiture was imposed upon conviction of a criminal offense. *See* 28 U.S.C. § 2680(c)(1)–(4) (also providing other requirements for the immunity waiver); *see also DaVinci Aircraft, Inc.*, 926 F.3d 1117; *Foster v. United States*, 542 F.3d 1071, 1075 (9th Cir. 2008). In the Ninth Circuit, CAFRA claims are barred from judicial review where "Plaintiffs received proper notice of the proposed forfeiture[]" and pursued administrative petitions for remission instead of judicial proceedings. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242–43 (9th Cir. 2011). Where plaintiffs pursue administrative remedies after notice, they will be deemed to have "waived the opportunity for judicial forfeiture proceedings" and their subsequent CAFRA complaint in district court is properly dismissed for lack of jurisdiction. *Id.*

Plaintiffs' petition to CBP for remission or mitigation of forfeiture was grounded on 19 U.S.C. § 1618 and 19 C.F.R. § 171.1. (*Exh. D* at 7–8; *Decl.* at ¶ 10.) In response to Plaintiffs' administrative petition, CBP granted mitigation and provided notice to Plaintiffs' counsel. (*Exh. E*; *Decl.* at ¶ 11.) Plaintiffs failed to timely respond to CBP's mitigation offer, and CBP administratively forfeited Plaintiffs' car. (*Exh. G*; *Decl.* at ¶¶ 12–13.) After waiting nearly a year, Plaintiffs again contacted CBP and untimely requested judicial forfeiture without including the necessary bond. (*Exh. H, I*; *Decl.* at ¶¶ 14–15.) Plaintiffs elected to proceed with their administrative petition for remission or mitigation of forfeiture (*Exh. B, D*), but failed to comply with and complete the administrative procedures (*Decl.* at ¶¶ 7–8, 10–13).

"The forfeiture statutes and regulations provide alternative, not sequential, administrative and legal remedies for an administrative forfeiture." *Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 889–90 (D.C. Cir. 2009). As occurred here, a "petition for remission 'asks the agency for discretionary return of the property.'" *Conservation Force*, 646 F.3d at 1242 (quoting *Malladi Drugs & Pharms, Ltd.*, 552 F.3d at 889–90). Once a petitioner receives notice of a seizing agency's intent to forfeit the

property, a petitioner "may seek either administrative or judicial forfeiture, but not both." *Bautista v. Mayorkas*, 644 F. Supp. 3d 748, 752 (S.D. Cal. 2022) (citing *Conservation Force*, 646 F.3d at 1242).  If Plaintiffs' Complaint is construed as arising under CAFRA, then the district courts lack subject matter jurisdiction to review the forfeiture, because Plaintiffs' prior election to pursue administrative remedies waived subsequent judicial forfeiture proceedings.  *See Conservation Force*, 646 F.3d at 1242.

Plaintiffs requested leave to amend but did not identify how they would cure defects present in this Complaint.  The Court, however, cannot with certainty conclude that amendment is futile.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Accordingly, the Court grants leave to file an amended complaint on or before February 20, 2024.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** the Government's motion to dismiss for lack of subject matter jurisdiction.  [Doc. 4.]  The Court **ORDERS** that this case is **DISMISSED.**  Plaintiffs may file an amended complaint on or before **February 20, 2024.**  Failure to timely amend may result in the dismissal of this case with prejudice for failure to prosecute or failure to comply with Court order.

**IT IS SO ORDERED.**

Dated:  January 23, 2024

Hon. Thomas J. Whelan
United States District Judge

23-cv-649-W-DEB